1
2
3
4
5
6
7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11
ROBERT JOHN VILLARINO II,                    CASE NO. F CV 12-425-LJO-BAM
12
                        Plaintiff,            **ORDER ON DEFENDANT'S MOTION TO
13                                            DISMISS** (Doc. 5)

14          vs.

15  COMMISSIONER, SOCIAL SECURITY
    ADMINISTRATION, SITE OF 5140 E.
16  OLIVE AVENUE, FRESNO, CALIFORNIA
    93727,
17
                        Defendant.
18  _____/

19                              **INTRODUCTION**

20          Plaintiff Robert John Villarino II ("Mr. Villarino"), proceeding in propria persona, initiated this

21  action in state court against defendant "Commissioner, Social Security Administration, sight [sic] of

22  5140 Olive Avenue, Fresno, California, 93727."  The Social Security Administration ("SSA") moves

23  to dismiss Mr. Villarino's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  SSA argues that

24  Mr. Villarino has failed to exhaust his administrative remedies as to his claims against the SSA and fails

25  to state a cognizable claim against the SSA.  Mr. Villarino failed to oppose this motion.  Having

26  considered SSA's arguments, Mr. Villarino's complaint, the applicable legal authorities and the record,

27  this Court finds that Mr. Villarino has failed to exhaust his administrative remedies and failed to state

28  a claim against the SSA.  Accordingly, this Court GRANTS SSA's motion to dismiss.

                                        1

**BACKGROUND**

On February 3, 2012[1], Mr. Villarino filed a form state court complaint, identifying several claims against the SSA.  He identifies his claim as "professional negligence" and checked the box for "general negligence" to identify his cause of action.  He claims damages in the amount of $2,000,000.00 and punitive damages for "loss of use of property/rental/eviction" and "witholding (sic) of welfare moniess (sic) (SSI disability)."   On the final form of the page, Mr. Villarino identifies the defendant as the Commissioner of the SSA for "professional negligence," and writes: "property wrong person, propert (sic) interest, slander of title: misapply-descent-degree, and (specify) exceed."   The locations of the alleged wrongdoing are identifies as 1052 C Street and 5140 East Olive Avenue in Fresno, California.   According to SSA, these properties are both SSA offices.

Within the form complaint, Mr. Villarino references several federal statutes, such as 42 U.S.C. §1201, et seq., which relates to the authorization of appropriations for blind persons, and 42 U.S.C. §2000, the civil rights statute also known as Title VII.  Mr. Villarino also references the Administrative Procedures Act, 5 U.S.C. §500.

On the form complaint, Mr. Villarino checked the box to recognize that his claim is subject to an applicable claims statute.  He further indicates that he has complied with the applicable claims statute.  SSA attaches an exhibit to contradict this assertion.  Mark S. Ledford ("Mr. Ledford"), Director of the Division of Fiscal Law, Office of the General Counsel, Office of General Law, Social Security Administration, filed a declaration that he caused a search to be made of SSA's Federal Tort Claims Act records to determine whether any administrative tort claim has been filed against SSA by Mr. Villarino.  To the best of Mr. Ledford's knowledge, information and belief, and based on information available to him in his official capacity, no administrative tort claim has been filed against SSA by Mr. Villarino.

---

[1] The date of the filing of this complaint is significant.  According to SSA's records, and the declaration of Joan Woo, management property analyst for the Region IX regional office of the SSA, Mr. Villarino is has been receiving Title XVI supplemental social security benefits (SSI) since at least 2008.  SSA suspended Mr. Villarino's SSI monthly payments effective February 1, 2012 because the SSA did not have Mr. Villarino's current address.  Two days after the suspension, Mr. Villarino initiated this action against the SSA.  Three days after that, on February 6, 2012, and after Mr. Villarino provided his current address, SSA resumed his SSI payments.  Indeed, SSA made a direct deposit payment to Mr. Villarino's bank account on February 8, 2012.  Since the initiation of this action on February 3, 2012, and after SSA continued his SSI payments, Mr. Villarino has taken no further action to prosecute his claims against SSA.

### STANDARDS OF REVIEW

**Fed. R. Civ. P. 12(b)(1) review standards**

In considering a motion to dismiss for lack of subject matter jurisdiction, the plaintiff, as the party seeking to invoke the court's jurisdiction, always bears the burden of establishing subject matter jurisdiction.  *Tosco Corp. v. Communities for Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001). The court presumes a lack of subject matter jurisdiction until the plaintiff proves otherwise.  *See Kokkonen v. Guardian Life Ins. Co. of America*, 114 S.Ct. 1673, 1675 (1994).

The court must also consider whether the motion to dismiss is "facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." *Savage v. Glendale Union High School*, 343 F. 3d 1036, 1039-40 n.2 (9th Cir. 2003); *see also, White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  In the facial attack, a party challenges subject matter jurisdiction by asserting that the allegations in the complaint are insufficient on their face to invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In this case, the court must consider the allegations of the complaint as true.  *See Thornhill Publishing Company, Inc. v. General Telephone & Electronics Corp.,* 594 F.2d 730 (9th Cir. 1979).  In a factual challenge, the truth of the allegations, which would otherwise invoke subject matter jurisdiction, is challenged.  In this circumstance, this Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988).

The SSA presents a factual challenge to Mr. Villarino's complaint.  In a factual challenge, the truth of the allegations, which would otherwise invoke subject matter jurisdiction, is challenged and this Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).  "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039-40 n.2.

///

**Fed. R. Civ. P. 12(b)(6) review standards**

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint.   A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).   In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor.  *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Thus, "bare assertions...amount[ing] to nothing more than a 'formulaic recitation of the elements'...are not entitled to be assumed true." *Iqbal*, 129 S. Ct. at 1951.  A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted).  Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*,

181 F.R.D. 629, 634 (S.D. Cal. 1998).  In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory."  *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).  To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend.  *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

**DISCUSSION**

Construing the complaint liberally, Mr. Villarino asserts a variety of claims against SSA for negligence, civil rights violations, eviction, and, withholding of his SSI benefits.  This Court lacks jurisdiction over each of these claims, because Mr. Villarino has failed to exhaust his administrative remedies.  For the reasons explained below, this Court dismisses these claims for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  Additionally, Mr. Villarino's complaint is vague and, at times, incomprehensible and fails to allege facts to support his causes of action.  Accordingly, this Court dismisses Mr. Villarino's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

**Lack of Jurisdiction**

*Negligence*

Mr. Villarino accuses the SSA of "negligence" and "professional negligence" throughout this complaint.   For the following reasons, this Court lacks jurisdiction over Mr. Villarino's negligence claims.

To the extent that Mr. Villarino's negligence claims are based on the SSA's alleged wrongful termination of his SSI benefits, those claims fail.  A Federal Torts Claims Act for the negligent termination of disability benefits is precluded by 42 U.S.C. §405(h). *Hooker v. United States Dep't of Health & Human Servs.*, 858 F.2d 525, 529-30 (9th Cir. 1988).   Accordingly, this Court lacks jurisdiction over his negligence claims based on the alleged wrongful termination of his SSI benefits.

To the extent that Mr. Villarino's negligence claims are based on facts unrelated to alleged wrongful termination of his SSI benefits, Mr. Villarino's claims are barred.  The "United States may not be sued without its consent and [] the existence of such consent is a prerequisite to jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 211 (1983).  To pursue a tort claim against the United States, Mr.

5

Villarino is required to comply with the Federal Tort Claims Act. *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995). The Federal Tort Claims Act requires a plaintiff to pursue administrative remedies prior to filing a civil action. 28 U.S.C. §2675(a); *McNeil v. United States*, 508 U.S. 106, 107 (1993). According to Mr. Ledford's declaration. Mr. Villarino has not filed an administrative tort claim against the SSA, nor has he pursued any administrative remedies. Because Mr. Villarino has failed to exhaust his administrative remedies, this Court lacks jurisdiction over his negligence claims. *See Vacek v. United States Postal Serv*., 447 F.3d 1248, 1250 (The "exhaustion requirement is jurisdictional in nature and must be interpreted strictly.").

### Withholding of SSI Benefits and APA

Mr. Villarino also alleges that SSA withheld his SSI benefits and asserts a claim under the Administrative Procedures Act. Congress has authorized review only of final decisions of the Commissioner of the Social Security Administration made after a hearing. *See* 42 U.S.C. §405(g); *Califano v. Sanders*, 430 U.S. 99, 108 (1977). The declarations of Joan Woo and Mr. Ledford establish that Mr. Villarino has filed no administrative action with the SSA. Without an administrative action, there is no evidence of a final agency action to review. Mr. Villarino provides no evidence to negate the SSA's declaration. Because he failed to exhaust his administrative remedies, this Court lacks jurisdiction over Mr. Villarino's claim related to the withholding of his SSI benefits.

Mr. Villarino is also not entitled to pursue an Administrative Procedures Act claim against SSA for failure to withhold his SSI benefits. Because the Social Security Act provides for review of a challenge to disability benefits, a separate challenge under the APA is not permissible. *Bowen v. Mass*., 487 U.S. 879, 902-04 (1988) (grant of review in APA does not provide additional remedies where Congress already provided special and adequate review procedures). Accordingly, this claim is dismissed.

### Civil Rights Claims

Similarly, this Court lacks jurisdiction over Mr. Villarino's civil rights claims against SSA. As set forth above, where an agency of the United States is a defendant, a district court lacks jurisdiction to award relief until such relief is authorized expressly by statute. *FDIC v. Meyer*, 510 U.S. 471, 476 (1994). While the Federal Torts Claims Act and the Social Security Act both provide limited waiver of

1  sovereign immunity, both acts require the exhaustion of administrative remedies prior to the initiation

2  of a civil suit for damages.  Because the undisputed evidence establishes that Mr. Villarino has failed

3  to exhaust his administrative remedies, this Court lacks jurisdiction over his civil rights claims.

4  **Failure to State a Cognizable Claim**

5  In addition to lacking jurisdiction over Mr. Villarino's claims, this Court dismisses Mr.

6  Villarino's claims for failure to state a cognizable claim against the SSA.  Although this Court lacks

7  jurisdiction over Mr. Villarino's causes of action for negligence, withholding of SSI benefits, and

8  violations of civil rights statutes, Mr. Villarino also fails to allege sufficient facts to make these claims

9  plausible or recognizable.  Moreover, part of Mr. Villarino's complaint is incomprehensible to this

10  Court. Specifically, Mr. Villarino writes: "property wrong person, propert (sic) interest, slander of title:

11  misapply-descent-degree, and (specify) exceed."  Construing these allegations liberally, this Court

12  cannot decipher these assertions.  In addition, without facts to support the claim, this Court finds that

13  Mr. Villarino has failed to state a claim against SSA for "loss of use of property/rental/eviction."  When

14  a complaint is this "vague, conclusory, and general and does not set forth any material facts in support

15  of the allegations," dismissal is proper. *North Star Int'l v. Ariz. Corp. Comm*., 720 F.2d 578, 583 (9th

16  Cir. 1983).  Accordingly, Mr. VIllarino's complaint is dismissed on the independent basis for failure to

17  state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

18  **Leave to Amend**

19  Pursuant to Fed. R. Civ. P. 15, leave to amend shall be granted "freely" and "when justice so

20  requires," even if the plaintiff fails to request it.  To the extent that pleadings can be cured by the

21  allegation of additional facts, the plaintiffs should be afforded leave to amend. *See Cook, Perkiss and*

22  *Liehe, Inc. v. Northern California Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).  Here, this

23  Court finds that amendment would be futile.  Mr. Villarino has failed to establish that his has exhausted

24  his administrative remedies.  Because this Court lacks jurisdiction over Mr. Villarino's claims, no

25  additional allegations could remedy the faults of his complaint.  Accordingly, Mr. Villarino is not

26  granted leave to amend.

27  ///

28  ///

CONCLUSION AND ORDER

For the foregoing reasons, this Court:

1.      GRANTS the SSA's motion to dismiss;

2.      DENIES Mr. Villarino leave to amend;

3.      DISMISSES this action pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6);

4.      VACATES the April 30, 2012 hearing on this motion; and

5.      DIRECTS the clerk of court to close this action.

IT IS SO ORDERED.

**Dated:      April 17, 2012                              /s/ Lawrence J. O'Neill**
                                                            UNITED STATES DISTRICT JUDGE

8